**THE KELLY FIRM, P.C.**
Andrew J. Kelly, Esq.
Stephen A. Schwimmer, Esq.
1011 Highway 71, Suite 200
Spring Lake, New Jersey 07762
(732) 449-0525
akelly@kbtlaw.com
sschwimmer@kbtlaw.com
*Attorneys for the Debtor-in-Possession, 6 Sunset Lane, LLC*

|  |  |
|---|---|
| IN RE:<br><br>6 SUNSET LANE, LLC,<br><br>Debtor-in-Possession. | **UNITED STATES<br>BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY**<br><br>Chapter 11<br><br>Case No. 25-11005-MEH<br><br>Judge: Hon. Mark E. Hall, U.S.B.J.<br><br>Hearing Date: March 11, 2025, at 10:00 a.m. |

<u>**CERTIFICATION OF FRANK RUBBA IN OPPOSITION TO THE MOTION FOR RELIEF FROM AUTOMATIC STAY**</u>

I, Frank Rubba, being of full age, hereby certifies as follows:

1. I am the sole member of the Debtor-in-Possession, 6 Sunset Lane, LLC ("Debtor"), and I am fully familiar with the facts of this case. I make this certification in opposition to the Movants', Team 3 Capital LLC ("Team 3") and Landco Mortgage Bankers Inc. ("Landco," and together with Team 3, "Movants"), Motion for Relief from Automatic Stay Pursuant to 11 U.S.C. § 362(d) (the "Motion").

2. For the reasons discussed herein, (1) "cause" does not exist to warrant relief from automatic stay under 11 U.S.C. § 362(d)(1), and (2) Debtor has equity in the subject property as evidenced by a sale contract discussed *infra* undercutting the request for relief from

1

automatic stay under 11 U.S.C. § 362(d)(2). Accordingly, the Motion must be denied, and the automatic stay must be continued.

3. Debtor's business is a Single Asset Real Estate as defined in 11 U.S.C. § 101(51B) with Debtor's primary asset being the Property located at the common address of 6 Sunset Lane, Monmouth Beach, New Jersey 07750 (the "Property").

4. Debtor has entered a contract to sell the Property (the "Sale Contract") for a price of $1,750,000 (the "Sale Price") subject to requisite Bankruptcy Court approval. A true and accurate copy of the executed Sale Contract is attached hereto as **Exhibit A**.

5. On March 3, 2025, the Debtor paid the outstanding property taxes for the first quarter of 2025. A true and accurate copy of the Property Tax Receipt is attached hereto as **Exhibit B.**

6. Further, Debtor continues to maintain property insurance for the Property. A true and accurate copy of the Debtor's Proof of Insurance for the Property is attached hereto as **Exhibit C.**

I. **MOVANTS HAVE FAILED TO ESTABLISH THAT "CAUSE" EXISTS TO WARRANT RELEIF FROM AUTOMATIC STAY UNDER 11 U.S.C. § 362(d)(1)**

7. Movants have failed to establish the requisite cause required to be entitled to relief from automatic stay pursuant to 11 U.S.C. § 362(d)(1), as Movants are adequately protected by the substantial equity in the Property above Movants' mortgages, the Debtor through the sale of the Property has the ability to pay the Movants' claim, the Debtor has the ability to pay the post-petition taxes as most recently demonstrated by payment of the first quarter 2025, and the Property is insured.

8. Pursuant to § 362(d)(1) on request of a party and after notice and a hearing, the court shall grant relief from automatic stay for cause, including lack of adequate protection. See 11 U.S.C. § 362(d)(1).

9. An equity cushion by itself can constitute adequate protection for purposes of § 362(d)(1). A non-exhaustive list of factors to consider when determining whether a given equity cushion by itself constitutes adequate protection includes: the size of the equity cushion (commonly expressed as a percentage of fair market value), the rate at which the cushion will be eroded, and the likelihood of a reasonably prompt sale.

10. The Nantucket Inv'rs II court stated that in determining whether a secured creditor's interest is adequately protected, the analysis of the property's "equity cushion" is the value of the property after deducting the claim of the creditor seeking relief form the automatic stay and all senior claims. Nantucket Inv'rs II v. Cal. Fed. Bank (In re Indian Palms Assocs.), 61 F.3d 197 (3d Cir. 1995). Junior liens are to be disregarded for the equity cushion analysis because the secured creditor need only be adequately protected as to its own claim. Id.

11. Further, the purchaser of a tax sale certificate acquires a lien against the real property for the entire amount paid which is superior to all other liens against the property in existence when the certificate was issued. Mennonite Bd. of Missions v. Adams, 462 U.S. 791, 798 103 S. Ct. 2706 (1983)

12. Here, pursuant to the Sales Contract, Debtor has agreed to sell the Property for $1,750,000, and according to the Movants' Motion, the amount due to Movants under the subject loan as of the Petition Date, inclusive of interests and costs, is $1,210,927.05. See Exhibit A; See also ECF No. 9, ¶ 26. Likewise, there is an outstanding Tax Sale Certificate on the

Property with the payoff amount of $29,180.32. See ECF No. 1, ¶ 2.1. As such, Movants are adequately protected by an equity cushion of $509,892.63.

13. The Debtor's equity cushion is shown as follows:

   Sale Price:         $1,750,000.00

   Tax Sale Cert.:     $     29,180.32

   Movants' Claim:     $ 1,210,927.05

   **Equity Cushion:    $  509,892.63**

14. Likewise, Movants' submission alleging that the fair market value for the Property is $1,388,900.00 is unpersuasive. Movants rely on a Zillow estimate which does not even rise to the level of a broker's opinion, and falls far short of an MAI appraisal. Furthermore, the Property is already the subject of a contract at the Sale Price which is more than 125% of the Zillow estimate. Additionally, there is no risk the equity cushion will fail to provide continued adequate protection as the sale is set to close on or about July 15, 2025.

15. As such, Debtor has established the ability to pay the Movants' claim through the proceeds of the sale of the Property and that a sufficient equity cushion exists, which by itself serves as adequate protection for purposes of § 362(d)(1). Additionally, the Movants' lack of cause is only bolstered by the fact that Debtor is current on post-petition real estate taxes and has kept the Property insured. See Exhibit B. See Also Exhibit C.

16. Debtor respectfully submits that Movants are not entitled to relief from automatic stay as they have not established the requisite "cause" under § 362(d)(1), and the Motion should be denied.

II. **MOVANTS FAILED TO ESTABLISH THEY ARE ENTITLED TO RELIEF FROM STAY UNDER 11 U.S.C. § 363(d)(2) BECAUSE DEBTOR HAS EQUITY**

## IN THE PROPERTY AND THE PROPERTY IS NECESSARY FOR AN EFFECTIVE REORGANZIAITON

17. Movants have likewise failed to establish that they are entitled to relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(2) which authorizes the Court to grant relief from stay when the debtor does not have equity in the property *and* such property is not necessary to an effective reorganization (emphasis added).

18. The classic test for determining whether a Debtor has equity under § 362(d)(2) includes a comparison between the total liens against the property and the property's current value. Nantucket Inv'rs II, 61 F.3d at 206, (citing, Stewart v. Gurley, 745 F.2d 1194, 1195 (9th Cir. 1984) (citing cases); In re Hanley, 102 Bankr. 36, 37 (W.D. Pa. 1989); In re Colonial Ctr., Inc., 156 Bankr. 452, 460 (Bankr. E.D. Pa. 1993); La Jolla Mortg. Fund v. Rancho El Cajon Assocs., 18 Bankr. 283, 290 (Bankr. S.D. Calif. 1982); State Employee Retirement Fund v. Gardner (In re Gardner), 14 Bankr. 455, 456 (Bankr. E.D. Pa. 1981); North East Fed. Savs. & Loan Assoc. v. Mikole Devels., Inc. (In re Mikole Devels., Inc.), 14 Bankr. 524, 524 (Bankr. E.D. Pa. 1981)). Unlike the equity cushion analysis under §362(d)(1), all liens, junior and senior, are considered in calculating a debtor's equity under §362(d)(2), because the equity analysis of (d)(2) is focused on "'the value above all secured claims against the property, that can be realized from the sale of the property for the benefit of all unsecured creditors.'" Nantucket Inv'rs II, 61 F.3d at 207, quoting, Pistole v. Mellor (In re Mellor), 734 F.2d 1396, 1400 n.2 (9th Cir. 1984).

19. Here, pursuant to the Sales Contract, Debtor has agreed to sell the Property for $1,750,000. See Exhibit A. As such, the value of Debtor's equity above all secured claims on the Property is shown as follows:

5

| | |
|---|---|
| Sale Price: | $1,750,000.00 |
| Tax Sale Cert.: | $   29, 180.32 |
| Movants' Claim: | $ 1,210,927.05 |
| Second Mortgage : | $   130,000.00 |
| Third Mortgage: | $   209,650.00 |
| **Equity:** | **$   170,242.63** |

20. Assuming *arguendo* that Debtor did not have equity in the Property, Movants would still not be entitled to relief from the automatic stay under 11 U.S.C. § 362(d)(2) because the Property is necessary for an effective reorganization.

21. As indicated in the Debtor's Chapter 11 Petition, Debtor's business is a Single Asset Real Estate as defined in 11 U.S.C. § 101(51B). Therefore, the Property, and particularly the sale thereof, is necessary for an effective reorganization because it is Debtor's primary asset.

22. Since Debtor has equity in the Property and because the Property is necessary for an effective reorganization in prospect, the Movants are not entitled to relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(2).

## CONCLUSION

23. Movants have failed to demonstrate that "cause" exists sufficient to warrant relief under 11 U.S.C. § 362(d)(1) and Debtor has successfully demonstrated that Debtor not has equity in the Property which is necessary for an effective reorganization in prospected under 11. U.S.C. §362(d)(2).  Debtor respectfully submits that the Motion must be denied.

[*Remainder of this page left intentionally blank.*]

I hereby certify that the foregoing statements made by me are true. If any of the foregoing statements made by me are willfully false, I am subject to punishment.

                                                         **Member of Debtor/Debtor-in-possession**

                                  **BY:**

Date:   March 4, 2025                   **Frank Rubba**