**THE KELLY FIRM, P.C.**
Andrew J. Kelly, Esq.
Stephen A. Schwimmer, Esq.
1011 Highway 71, Suite 200
Spring Lake, New Jersey 07762
(732) 449-0525
akelly@kbtlaw.com
sschwimmer@kbtlaw.com
*Attorneys for the Debtor-in-Possession, 6 Sunset Lane, LLC*

|  |  |
|---|---|
| IN RE:<br><br>6 SUNSET LANE, LLC,<br><br>Debtor-in-Possession. | **UNITED STATES<br>BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY**<br><br>Chapter 11<br><br>Case No. 25-11005-MEH<br><br>Judge: Hon. Mark E. Hall, U.S.B.J.<br><br>**CERTIFICATION OF FRANK RUBBA IN SUPPORT OF MOTION FOR AN ORDER EXPUNGING CLAIM PURSUANT 11 U.S.C. §502**<br><br>Hearing Date: June 16, 2025 at 10:00a.m. |

I, Frank Rubba, being of full age, hereby certifies as follows:

1. I am the sole member of the Debtor-in-Possession, 6 Sunset Lane, LLC (the "Debtor") and I am fully familiar with the facts of this case. I make this certification in support of the Debtor's Motion for an Order Expunging Claim 3 Pursuant to 11 U.S.C. § 502.

2. On January 31, 2025, the Debtor filed a voluntary petition under Chapter 11 of the United States Code (the "Bankruptcy Code"). See ECF No. 1.

3. In Schedule D of the Debtor's Chapter 11 Petition, Debtor named Glenn Del Russo ("Del Russo") as a secured creditor by virtue of the Mortgage dated May 14, 2024. Id. Likewise,

in the Debtor's Creditor Matrix included as part of the Petition, Debtor listed Del Russo's address as 89 Teakwood Circle, Jupiter, Florida 33469.

4. Pursuant to the Notice of Chapter 11 Bankruptcy served by the Clerk of the United States Bankruptcy Court, the bar date for governmental entities is July 30, 2025, and all other creditors were to file Proofs of Claim on or before April 11, 2025 (the "Bar Date"). See ECF No. 3.

5. On February 28, 2025, Debtor, through counsel, filed a Notice of Telephonic § 341 Meeting, notifying Debtor's creditors of the Debtor's First Meeting of Creditors to be held telephonically on March 6, 2025, at 1:00p.m. See ECF No.10.

6. Debtor's § 341 meeting was held on March 6, 2025, and Del Russo did not appear at same.

7. On May 5, 2025, nearly one (1) month after the expiration of the Bar Date, Del Russo filed a proof of claim in the amount of $211,390.00 (the "Del Russo Proof of Claim"). See Proof of Claim No. 3.

8. The Del Russo Proof of Claim indicates that Del Russo's current address is the same as that found in Debtor's Creditor Matrix as part of the Petition. Id.

9. Pursuant to Fed. R. Bankr. P. 3002, "every creditor must file a proof of claim- and any equity security holder must file a proof of interest-for the claim or interest to be allowed."

10. Here, Del Russo was adequately noticed of the Bar Date by virtue of having been named as a secured creditor in Debtor's Petition and pursuant to the Notice of Chapter 11 Bankruptcy served by the Clerk of the United States Bankruptcy Court.

11. Del Russo failed to file its proof of claim on or before the Bar Date despite being on notice of same.

12. Accordingly, it is respectfully requested that Del Russo's untimely proof of claim be expunged.

I hereby certify that the foregoing statement made by me are true. If any of the foregoing statement made by me are willfully false, I am subject to punishment.

|  |  |
|---|---|
| Date:  May 8, 2025 | **6 Sunset Lane, LLC**<br>**BY:**   /s/ _____<br>**Frank Rubba, Member** |